UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALIY PAYEVSKIY,<br>Petitioner,<br>v.<br>ERNESTO SANTACRUZ, JR., et al.,<br>Respondents. | Case No. 5:26-cv-06267-KES<br><br>ORDER GRANTING THE PETITION AND ORDERING PETITIONER'S RELEASE FROM CUSTODY |

On October 22, 2026, Vitaliy Payevskiy ("Petitioner") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging Petitioner's detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). The parties have consented to the jurisdiction of the Magistrate Judge. (Dkt. 9.)

The Petition raises the following claims: (1) Respondents violated Petitioner's due process rights by re-detaining him without notice or a hearing, even though he had been released on bond by an immigration judge in June 2025 (Pet. at 10-14); and (2) Respondents violated Petitioner's due process rights by imposing additional custodial restraints, including GPS monitoring and geographic

restrictions, without notice or a hearing (id. at 15-19). The Petition seeks immediate release from custody and prospective injunctive relief preventing his re-detention or the imposition of certain conditions without notice and a hearing. (Id. at 23-24.)

On October 26, 2026, the Court issued its Standing Order for § 2241 Immigration Petitions, which stated in relevant part:

> **Failing to file an answer by the due date—or filing an answer that fails to substantively respond to any claim in the petition—may result in the Court granting the petition or claim as unopposed.** … Based on conversations between leaders at the U.S. Attorney's Office and the district court, the Court understands that in some cases, the U.S. Attorney's Office intends to indicate its lack of opposition by filing neither a notice of appearance nor an answer. As a result, the Court will assume that the government's failure to file a timely notice of appearance and/or an answer was not inadvertent, and the Court will not sua sponte extend those deadlines.

(Dkt. 6 at 2.)

Respondents' response to the Petition was due by October 30, 2026. (Dkt. 5.) As of the date of this order, no response has been filed.

Based on the facts and law stated in the Petition, and in light of Respondents' lack of opposition, IT IS HEREBY ORDERED that:

1. Respondents shall **immediately release** Vitaliy Payevskiy, a.k.a. Vitaliy Vitalyevich Payevskiy (A# 216-014-664) from custody.
2. Respondents shall return Petitioner's documents and property, including his employment authorization document and driver's license, upon his release.
3. If Respondents have not released Petitioner **within three days** of the date of this order, Petitioner may file a request for an order to show

cause re contempt.

4. Respondents shall not re-detain Petitioner without providing Petitioner a pre-detention hearing before a neutral decisionmaker where Respondents bear the burden of demonstrating by clear and convincing evidence that (a) Petitioner is a flight risk or a danger such that Petitioner's physical custody is required, or (b) on account of changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future.

5. Respondents shall not impose electronic location monitoring, a geographic restriction, or any other custodial restraint beyond the conditions stated in ICE's Notice of Release dated June 23, 2025, unless Respondents first provide (a) written notice of the specific facts relied on, and (b) a hearing before a neutral decisionmaker at which an individualized determination is made that a material change in circumstances since the immigration judge's June 20, 2025 order makes the restraint necessary to address a risk of flight or danger to the community.[1]

DATED: November 2, 2026

Karen E. Scott

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[1] To the extent the Petition seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), Petitioner's counsel would need to file a post-judgment motion that complies with 28 U.S.C. § 2412(d)(1)(B).